UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 1 8 2014

| | | |
|---|---|---|
| REX GARD, | ) | Civ. 13-4062-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS KAEMINGK; | ) | |
| DOUG WEBER; | ) | ORDER |
| BOB DOOLEY; | ) | |
| TROY PONTO; | ) | |
| LELAND TJEERDSMA; | ) | |
| CLIFTON FANTROY; | ) | |
| GEORGE DEGELMAN; | ) | |
| SGT. LARSON; | ) | |
| Property Officer BERTHELSON; | ) | |
| Each person named individually and in their | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court are Plaintiff's second motion to amend complaint (Docket 31), motion for preliminary and permanent injunction (Docket 31), motion to appoint counsel (Docket 32), motion for partial summary judgment (Docket 38), and motion to compel (Docket 51). Also pending before the Court is Defendants' request to stay discovery and issue a protective order (Docket 42). The Court will address each of the pending motions in turn.

**I.    The Court Denies Gard's Second Motion to Amend Complaint.**

Gard requests leave to amend his complaint for a second time, this time to add a paragraph alleging that the title of the rule under which he was disciplined failed to provide fair notice of prohibited conduct. Docket 31. A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when

justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Gard has already received an opportunity to amend his complaint. *See* Docket 18. The Court is therefore not bound by the Federal Rules of Civil Procedure to grant Gard's second motion to amend complaint. Gard requests leave to add a paragraph to his complaint which would allege that Defendants failed to provide fair notice of prohibited conduct by failing to provide a more descriptive title to the rule under which Gard was disciplined. Docket 31. As Defendants have demonstrated, however, the rule under which Gard was disciplined does incorporate a sufficiently descriptive title. Docket 41. Gard was disciplined for disruptive conduct after prison officials discovered his involvement in smuggling contraband into the prison. Docket 30-2. In the disciplinary report related to this rule violation, Defendant Tjeerdsma listed "Conduct which disrupts . . ." to describe the prohibited act, and then referenced Rule 5-17. *Id.*

Although Gard represents that the title of the relevant rule is limited to "conduct which disrupts," Defendants assert that the full title of Rule 5-17 actually reads as follows: "Conduct which disrupts or interferes with the security or good order of the institution or interfering with a staff member in the performance of his/her duties." Docket 41 at 2. Regardless, even assuming that the title of the rule violation is as limited as Gard claims, the Court finds that "conduct which disrupts" is sufficiently descriptive to put inmates on notice that, if an inmate attempts to smuggle contraband into the prison, the inmate will be subject to discipline for "conduct which disrupts." The Court therefore denies Gard's request for leave to amend his complaint because Gard's proposed amendment would be futile.

II.     **The Court Denies Gard's Motion for Preliminary Injunction.**

Gard requests "a temporary and permanent injunction ordering the South Dakota Department of Corrections to stop using all catagories [sic] of this illegal write-up, and remove it from the policy manual." Docket 31. The Court construes this motion as a request for preliminary injunction. "A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v.*

*Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) ("[I]n the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' ") (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 520. To determine whether the issuance of a preliminary injunction is appropriate, the court considers the following factors:

(1) the threat of irreparable harm to the movant;
(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that movant will succeed on the merits; and
(4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

Although no single factor is determinative, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *see also Dataphase*, 640 F.2d at 114 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). To demonstrate irreparable harm, a plaintiff must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, a "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

In his motion for preliminary injunction, Gard raises concerns with the language used to describe prohibited conduct and the manner in which he was found guilty of having committed such prohibited conduct. Docket 33. More specifically, Gard takes issue with a past disciplinary write up, contending that prison officials failed to put him on notice regarding the type of conduct that constituted "conduct which disrupts" and further lacked sufficient evidence to find him guilty

3

of having committed prohibited conduct. *Id.* Gard also argues that Defendants have violated his due process and equal protection rights, as well as the due process rights of his family and fellow inmates, through the imposition of excessive fines. Gard asserts that imposing a $99 fine for the commission of prohibited conduct "means doing without some of the basic necessities of life and a few simple pleasures such as a cup of coffee or a snack while watching a football game." *Id.* at 3.

Despite Gard's review of past alleged harm, as well as the past and potential harm posed by allegedly excessive fines, Gard has failed to establish the irreparable harm necessary for the imposition of a preliminary injunction. Again, irreparable harm is harm that is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator*, 782 F.2d at 115. First, as previously discussed, the Court finds that the language used to describe prohibited conduct is sufficiently descriptive to put inmates on notice that smuggling contraband into the prison warrants disciplinary action. The continued use of the existing language does not create a threat of irreparable harm. Second, to the extent that the allegedly unsubstantiated disciplinary write-up has harmed Gard, the Court finds that such harm does not create a clear and present need for equitable relief. Any harm resulting from the allegedly false accusation will be adequately remedied, if appropriate, at the conclusion of this action. Finally, the Court finds that the harm associated with allegedly excessive fines—an inability to purchase unidentified basic necessities and a few simple pleasures—does not constitute substantial, irreparable harm. Because failure to demonstrate irreparable harm constitutes sufficient grounds for denying a preliminary injunction, the Court denies Gard's motion for preliminary injunction.

### III. The Court Denies Gard's Motion to Appoint Counsel.

Gard first requested the appointment of counsel on June 12, 2013 (Docket 6). The Court denied Gard's request shortly thereafter, finding that the facts of Gard's remaining claims were not complex and that he appeared able to adequately present his § 1983 claims (Docket 7 at 10). On November 14, 2013, the Court denied Gard's second request for the appointment of counsel (Docket 9) after finding that nothing had arisen in his case to demonstrate that he was suddenly incapable of presenting his § 1983 claims (Docket 18). Now pending before the Court is Gard's third attempt to obtain counsel. Docket 32. Therein, Gard argues that he is unable to adequately

4

research the arguments presented by Defendants in their responses to Gard's various filings. Docket 32. To further support his request for counsel, Gard cites the difficulty he had in serving Defendant Douglas Weber, a situation that has since been remedied through Weber's admission of service. Docket 49-1. The only remaining argument in favor of appointing counsel in this case, therefore, is Gard's argument that he is unable to adequately research arguments presented in this case. Given the frequency with which Gard files motions and supplemental briefs, however, the Court finds this argument unpersuasive. Furthermore, in the absence of pending discovery, which will be discussed below, the Court finds that Gard remains capable of adequately presenting his § 1983 claims. Gard's motion to appoint counsel is therefore denied.

## IV.    The Court Grants Defendants' Motion to Stay Discovery

Defendants assert that Gard's claims are subject to a qualified immunity defense. Docket 42. The doctrine of qualified immunity protects prison officials from litigation itself, not merely liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, both the Supreme Court and the Eighth Circuit have " 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' " *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In light of Defendants' prospective motion to resolve the issue of qualified immunity, therefore, the Court grants Defendants' motion to stay discovery. *See Contracting Nw., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) ("[T]he district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." (citation omitted)). Accordingly, it is

ORDERED that Plaintiff's second motion to amend complaint (Docket 31) is denied.

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction (Docket 31) is denied.

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel (Docket 32) is denied.

IT IS FURTHER ORDERED that Defendants' motion to stay discovery (Docket 42) is granted. Accordingly, the Court grants Defendants a protective order with regard to Plaintiff's discovery requests. Defendants have until **October 2, 2014**, to submit both their response to

Plaintiff's motion for partial summary judgment and their motion for summary judgment based on qualified immunity.

IT IS FURTHER ORDERED that Plaintiff's motion to compel (Docket 51) is denied as moot.

Dated this 18th day of August, 2014.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
UNITED STATES DISTRICT JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: Summa Wahpa
DEPUTY