UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 24 2015

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| REX GARD, | CIV 13-4062 |
| Plaintiff, | |
| vs. | ORDER |
| DENNIS KAEMINGK, Secretary of Corrections for State of South Dakota, individually and in his official capacity; DOUG WEBER, Director of Prison Operations, individually and in his official capacity; BOB DOOLEY, Warden at Mike Durfee State Prison, individually and in his official capacity; TROY PONTO, Associate Warden at SDSP, individually and in his official capacity; LELAND TJEERDSMA, Major, Head of Special Security, Mike Durfee State Prison, individually and in his official capacity; CLIFTON FANTROY, Unit Manager at SDSP Unit, individually and in his official capacity; GEORGE DEGLMAN, Unit Manager at Mike Durfee State Prison, individually and in his official capacity; SGT. LARSON, Sergeant at Mike Durfee State Prison, individually and in his official capacity; PROPERTY OFFICER BERTHELSON, Property Officer at the SDSP Warehouse, individually and in his official capacity; | |
| Defendants. | |

`******************************************************************************`

Plaintiff Rex Gard, an inmate at the Mike Durfee State Prison, has filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. The Magistrate Judge issued a Report and Recommendation dated January 30, 2015, recommending that the Defendants' Motion for Summary Judgment be granted and that each of Mr. Gard's claims be dismissed with prejudice, and that Plaintiff Rex Gard's Motion for Partial Summary Judgment as to liability on his due process, access to the courts, and excessive fines claims be denied in its entirety. Plaintiff filed objections to the Report and Recommendation. In addition to Plaintiff's Objections, Plaintiff filed his own Affidavit and the Affidavit of another prisoner, both as a part of the Objections to the Report and Recommendation. Those Affidavits are not timely for consideration regarding Defendants' Summary Judgment Motion and will not be considered. Even if they were considered, the result would be the same. Plaintiff in his Objections asks for a jury trial on the $99.00 fine issue. Given that summary judgment is warranted for the reasons stated in the Report and Recommendation, there is no separate basis under the Seventh Amendment, as now claimed, or otherwise, for a jury trial. There are disputed factual issues in this case, but there is no genuine dispute of any material fact. With regard to the dental care issue, the Defendants were not plainly incompetent with regard to Mr. Gard's Eighth Amendment rights. The dental care complaints under the facts as explained in the Report and Recommendation do not present a "serious medical need" under the Eighth Amendment, so no Eighth Amendment claim is presented. After an independent review of the record,

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation, Doc. 88, is ADOPTED and Plaintiff's Objections to the Report and Recommendation, Doc. 113, are DENIED.

2. That Defendants' Motion for Summary Judgment, Doc. 63, is GRANTED.

3. That Plaintiff's Motion for Partial Summary Judgment, Doc. 38, is DENIED.

4. That Plaintiff's Complaint, Doc. 1, is DISMISSED with prejudice.

5. That Plaintiff is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Dated this 24th day of September, 2015.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: /s/ Summer Wahfid
Deputy